# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Toney Anthoney White,

    Plaintiff

v.

Michelle Leavitt, et al.,

    Defendants

Case No.: 2:18-cv-00008-JAD-PAL

**Order Screening Complaint**
**[ECF No. 1-1]**

Plaintiff Toney Anthoney White brings this civil-rights action under 42 U.S.C. § 1983, claiming that the defendants violated his Fifth, Sixth, Eighth, and Fourteenth Amendment rights while he was held at Clark County Detention Center (CCDC) in 2016 and 2017. Because White applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has stated a colorable failure-to-protect claim and grant him 30 days to amend his conspiracy claim. I also find that White cannot challenge the voluntariness of his guilty plea at this time, so I dismiss that claim without leave to amend.

## In Forma Pauperis Application

Based on the information about White's financial status, I find that White has demonstrated that he is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915, so I grant his petition to proceed *in forma pauperis*. Although this means that White may proceed without prepayment of fees, costs, or security, he will be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

---

[1] ECF No. 1.

**Screening White's Claims**

**A.    White's factual allegations[2] and causes of action**

In 2016 and 2017, White was a pretrial detainee at the CCDC. White sues district court judge Michelle Leavitt, Chief Deputy District Attorney Mark Schwartzer, private attorney Harvey Gruber, Las Vegas Metropolitan Police Department (LVMPD) corrections officer Carey, and John/Jane Does.[3]

White alleges the following: he was arrested on January 22, 2016, and charged along with several co-defendants, including co-defendant Mariand Dean.[4] Dean was arrested because White's sister cooperated with authorities to locate him. At the time of their arrests and throughout the case, White and his co-defendants were kept separate to reduce coercion and intimidation. Leavitt, Schwartzer, Gruber, and Carey knew of the imminent threat posed to White and his family given the fact that his sister directly caused Dean's arrest.[5]

In March 2017, White told his attorney, Gruber, about threats Dean had been making in an attempt to intimidate White.[6] Leavitt, Schwarzer, and the LVMPD knew about these threats. From White's arrest through October 2017, LVMPD, Schwartzer, Leavitt, and Gruber successfully kept White and Dean separate. But in early October, the defendants conspired to house Dean next to White. Dean immediately began threating and intimidating White.

---

[2] These facts are taken from the White's allegations and are not intended as findings of fact.
[3] ECF No. 1-1 at 2.
[4] *Id.* at 3.
[5] *Id.*
[6] *Id.*

2

Dean threatened White, his sister, and his disabled mother, and told White to plead guilty to stop the threats. So White urged Gruber to settle the case. He ultimately pled guilty on October 19, 2017, because of his fear of Dean.[7] After pleading guilty, White asked Gruber to withdraw his plea.[8] Schwartzer and Leavitt were informed of the involuntary nature of White's plea. After White pled guilty, Dean successfully coordinated a gang attack on White's sister—assaulting her and burning her house to the ground.[9]

When White learned that he and Dean were going to be sentenced at the same time, he refused to appear in court for fear of his safety.[10] White told corrections officer Carey his reasons for not wanting to appear, but Carey took no steps to protect White and instead disciplined him for voicing his safety concerns.

White pleads one claim asserting Fifth, Sixth, Eighth, and Fourteenth Amendment violations.[11] He seeks declaratory relief and monetary damages.[12]

**B.     Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[13] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

---

[7] *Id.* at 4.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 5.
[11] *Id.* at 6.
[12] *Id.* at 6–7.
[13] 28 U.S.C. § 1915A(a).

3

relief from a defendant who is immune from such relief.[14] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist—as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[15]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[16] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[17] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[18] but a plaintiff must provide more than mere labels and conclusions.[19] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[20] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

**C.   Analysis of White's claims**

---

[14] 28 U.S.C. § 1915A(b)(1)(2).

[15] *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[16] *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[17] *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[18] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[21] *Id*.

4

Despite the list of constitutional violations that White asserts in his single-count complaint, White appears to state three claims: (1) a challenge to the voluntariness of his plea, (2) failure to protect, and (3) conspiracy. I address each of these three claims.

*1.     Voluntariness of plea*

White fails to allege a cognizable § 1983 claim based on the voluntariness of his plea. The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief.[22] In *Wilkinson v. Dotson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.[23]

Here, White attempts to challenge the validity of his conviction by attacking the voluntariness of his plea. This is not a cognizable § 1983 claim. So, I dismiss this claim without leave to amend but without prejudice to White's ability to raise this claim in an appropriate habeas action.

*2.     Failure to protect*

A pretrial detainee states a failure-to-protect claim against an individual officer under the Fourteenth Amendment if: (1) the defendant made an intentional decision about the conditions

---

[22] *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

[23] *Id*. at 81–82.

5

under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries.[24] I find that White states a colorable failure-to-protect claim against corrections officer Carey. Based on his allegations, White appears to have told Carey his concerns about being housed in the cell next to Dean and about Dean's threats against him and his family. Carey appears to have ignored White's concerns, causing White to plead guilty out of fear for his safety. This claim will proceed against Carey.

### *3. Conspiracy*

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."[25] The plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."[26] I find that White has failed to state a conspiracy claim for failure to protect against Leavitt, Schwartzer, Gruber, and Carey. White conclusorily alleges that defendants had a "conspiracy" to violate his rights and house him next to Dean. But White fails to provide any factual allegations to support such a claim. Accordingly, I dismiss this claim without prejudice and with leave to amend.

**D.      Leave to amend**

---

[24] *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).
[25] *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).
[26] *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010).

I grant White leave to amend only his conspiracy claim.  White may file a new habeas corpus action challenging the voluntariness of his plea but he may not amend that claim in this case—he'll need to assert that claim in a separate habeas action.   If White chooses to file an amended complaint to plead facts to support his conspiracy claim, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself.[27]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  White must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege facts sufficient to show what *each* defendant did to violate his civil rights.  He must file the amended complaint by December 27, 2018.

**Conclusion**

IT IS THEREFORE ORDERED that White's application to proceed *in forma pauperis* without having to prepay the full filing fee **(ECF No. 1) is GRANTED**.  White need not pay an initial installment fee, or prepay, but the full filing fee will still be due, under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act even if this action is dismissed or otherwise unsuccessful.  This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

To ensure that White ultimately satisfies his payment obligation, IT IS FURTHER ORDERED under to 28 U.S.C. § 1915(b)(2) that the Clark County Detention Center must pay to

---

[27] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

7

the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Toney Anthoney White, #8270790 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. If White should be transferred to the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that White has paid toward his filing fee, so that funds may continue to be deducted from White's account. The Clerk is directed to send a copy of this order to the CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE the complaint (ECF No. 1-1).**

IT IS FURTHER ORDERED that:

- White's claim challenging the voluntariness of his plea is DISMISSED without prejudice and without leave to amend;

- White's conspiracy claim is DISMISSED without prejudice and with leave to amend by December 27, 2018;

- The failure-to-protect claim against Carey MAY PROCEED.

- White's claims against defendants Leavitt, Schwartzer, and Gruber are DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to send White the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If White chooses to file an amended complaint, he must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and the screening process will take many months. If White does not file an amended

complaint by December 27, 2018, this action will proceed immediately on the failure-to-protect claim against Carey only.

Dated: November 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey