UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TONEY ANTHONEY WHITE,<br><br>                    Plaintiff,<br>v.<br><br>MICHELLE LEAVITT, et al.,<br><br>                    Defendants. | Case No. 2:18-cv-00008-JAD-PAL<br><br>**ORDER**<br><br>(Mot. Stay – ECF No. 7;<br>Mot. Ext. Time –ECF No. 8) |

This matter is before the court on pro se Plaintiff Toney Anthoney White's Motion to Stay Case (ECF No. 7) and Motion for Extension of Time to Amend Complaint (ECF No. 8). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. White is a pretrial detainee in custody at the Clark County Detention Center ("CCDC"). He is proceeding in this case *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This case involves White's allegations of civil rights violations pursuant to 42 U.S.C. § 1983 while he was incarcerated at CCDC. The court reviewed the Complaint (ECF No. 4) and determined that it stated a plausible claim for failure-to-protect against corrections officer Carey. Nov. 28, 2018 Screening Order (ECF No. 3). However, his conspiracy claim was dismissed with leave to amend by December 27, 2018, to correct pleading defects. *Id.* The court explained that this action would "proceed immediately on the failure-to-protect claim against Carey only" if White did not file an amended complaint. *Id.* at 8–9.

Mr. White did not submit an amended complaint by the deadline. The court therefore entered an Order (ECF No. 5) on January 8, 2019, stating that this action will proceed against Defendant Carey. The Clerk of Court was directed to issue summons to Defendant Carey and mail White one USM-285 form to arrange for service of process. *Id.*

1

Mr. White's current motions ask the court to stay these proceedings "pending the transfer of his custody from CCDC." He represents that he did not receive the Screening Order (ECF No. 3), and was informed of its entry by the later Order (ECF No. 5) directing service. Thus, he asserts there is good cause for an extension of time to amend the complaint.

According to the register of actions in *State of Nevada v. Toney White*, C-16-313216-2, White's state criminal case is still pending.[1] As such, it is not clear when (or if) he will be transferred from custody at CCDC. Therefore, an indefinite stay of proceedings is not appropriate. However, because Mr. White states did not receive the Screening Order by mail, the court will extend the deadline to amend until **March 25, 2019**. The court notes that White's amended complaint must comply with the district judge's specific instructions:

> I grant White leave to amend only his conspiracy claim. White may file a new habeas corpus action challenging the voluntariness of his plea but he may not amend that claim in this case—he'll need to assert that claim in a separate habeas action. If White chooses to file an amended complaint to plead facts to support his conspiracy claim, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself. He must file the amended complaint on this court's approved prisoner-civil rights form, and it must be entitled "First Amended Complaint." White must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege facts sufficient to show what *each* defendant did to violate his civil rights.

Screening Order at 7.

Based on the foregoing,

**IT IS ORDERED:**

1. Plaintiff Toney Anthoney White's Motion to Stay Case (ECF No. 7) is **DENIED**.
2. The Motion for Extension of Time to Amend Complaint (ECF No. 8) is **GRANTED**.
3. The Clerk of Court shall MAIL Mr. White one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form, one copy of the Complaint (ECF No. 4), Screening Order (ECF No. 3), and this Order.

---

[1] Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *See, e.g.*, *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012). The docket records of the state court may be accessed online at: https://www.clarkcountycourts.us/Anonymous/default.aspx. The court takes judicial notice of the proceedings in White's criminal case in the Eighth Judicial District Court of the State of Nevada, which show that he withdrew his guilty plea and the case is set for jury trial.

4. Mr. White must file an amended complaint by **March 25, 2019**, if he believes he can correct the deficiencies noted in the Screening Order (ECF No. 3).

5. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Mr. White shall clearly title the amended complaint as such by writing "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and 2:18-cv-00008-JAD-PAL in the space for "Case No.".

7. If Mr. White does not to file an amended complaint by **March 25, 2019**, this case shall proceed as to the failure-to-protect claim against Defendant Carey only, and White will have 90 days to serve the original Complaint (ECF No. 4) in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 22nd day of February, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE