# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

TONEY ANTHONEY WHITE,

Plaintiff,

v.

MICHELLE LEAVITT, et al.,

Defendants.

Case No. 2:18-cv-00008-JAD-BNW

**ORDER**

Presently before the court are Plaintiff's motion for screening of his amended complaint and motion for service on defendants, which he filed on August 22, 2019. (ECF Nos. 20, 21.) As no defendants have been served in this case, no response or reply briefs were filed.

**I.  Background**

Plaintiff is a pro se prisoner at High Desert State Prison. He initiated this action on January 2, 2018. (ECF No. 1.) His claims were previously summarized by the court as follows:

> In 2016 and 2017, White was a pretrial detainee at the CCDC. White sues district court judge Michelle Leavitt, Chief Deputy District Attorney Mark Schwartzer, private attorney Harvey Gruber, Las Vegas Metropolitan Police Department (LVMPD) corrections officer Carey, and John/Jane Does.
> 
> White alleges the following: he was arrested on January 22, 2016, and charged along with several co-defendants, including co-defendant Mariand Dean. Dean was arrested because White's sister cooperated with authorities to locate him. At the time of their arrests and throughout the case, White and his co-defendants were kept separate to reduce coercion and intimidation. Leavitt, Schwartzer, Gruber, and Carey knew of the imminent threat posed to White and his family given the fact that his sister directly caused Dean's arrest.
> 
> In March 2017, White told his attorney, Gruber, about threats Dean had been making in an attempt to intimidate White. Leavitt, Schwarzer, and the LVMPD knew about these threats. From White's arrest through October 2017, LVMPD, Schwartzer, Leavitt, and Gruber successfully kept White and Dean separate. But in early October, the defendants conspired to house Dean next to White. Dean immediately began threating and intimidating White.

> Dean threatened White, his sister, and his disabled mother, and told White to plead guilty to stop the threats. So White urged Gruber to settle the case. He ultimately pled guilty on October 19, 2017, because of his fear of Dean. After pleading guilty, White asked Gruber to withdraw his plea. Schwartzer and Leavitt were informed of the involuntary nature of White's plea. After White pled guilty, Dean successfully coordinated a gang attack on White's sister— assaulting her and burning her house to the ground.
>
> When White learned that he and Dean were going to be sentenced at the same time, he refused to appear in court for fear of his safety. White told corrections officer Carey his reasons for not wanting to appear, but Carey took no steps to protect White and instead disciplined him for voicing his safety concerns.
>
> White pleads one claim asserting Fifth, Sixth, Eighth, and Fourteenth Amendment violations. He seeks declaratory relief and monetary damages.

(ECF No. 3 (Screening Order).)

After screening Plaintiff's complaint, the court dismissed all claims except a failure-to-protect claim against Defendant Carey. (*Id.* at 8.) The court granted Plaintiff leave to amend only his conspiracy claim. (*See id.*) The court instructed Plaintiff that he had until December 27, 2018 to file an amended complaint and that if he did not file an amended complaint by this date, the case would proceed on the failure-to-protect claim against Carey only. (*Id.* at 8-9.)

Plaintiff did not amend his complaint by December 27, 2018. (ECF No. 5.) Accordingly, on January 8, 2019, the court ordered that the case proceed against Defendant Carey on the failure-to-protect claim only. (*Id.*)

On January 17, 2019, Plaintiff filed a motion to extend the time to amend his complaint. He stated that he never received the screening order containing the original deadline. (ECF No. 8.) The court granted his motion and gave him until March 25, 2019 to amend his complaint. (ECF No. 9.) The court also specifically advised Plaintiff that if he filed an amended complaint, he must comply with the court's prior instructions that he was only given leave to amend his conspiracy claim. (ECF No. 9 (citing ECF No. 3 at 7).) The court again instructed Plaintiff that if he did not file an amended complaint by March 25, 2019, his case would proceed against Defendant Carey on the failure-to-protect claim only. (ECF No. 9 at 3.)

Plaintiff did not file an amended complaint by March 25, 2019. Accordingly, the court again ordered that this case proceed against Defendant Carey on the failure-to-protect claim. (ECF No. 11.)

The court directed the United States Marshals to serve Carey in accordance with the USM-285 form Plaintiff was directed to complete. (*Id.* at 2-3.) The court advised Plaintiff that once the Marshals attempted service, they would tell the court whether they were able to serve Carey based on the information Plaintiff provided. (*Id.* at 3.) The court noted that if the Marshals are "unable to serve the defendant and Mr. White wishes to have service attempted again, White must timely file a motion specifying a more detailed name and/or address for the defendant, or whether some other manner of service should be attempted." (*Id.*) The court ordered that service must be completed by July 16, 2019 and that failure to complete service by this date would result in a recommendation to the district judge that this case be dismissed. (*Id.*)

The Marshals were unsuccessful in serving Defendant Carey. (ECF No. 16.) The summons only included the name "Carey" and did not include any address at which Defendant Carey could be served. (*See* ECF No. 16.) Additionally, Plaintiff did not complete the USM-285 form. (*See id.* at 2.) Plaintiff did not request that service be re-attempted or attempted in a different manner or provide additional information about Defendant Carey's name or address. Plaintiff let the July 16, 2019 service deadline lapse without Carey being served.

Shortly before this deadline ran, Plaintiff filed an amended complaint. (ECF No. 18.) This amended complaint asserts several causes of action not related to the conspiracy theory Plaintiff was once given leave to amend, including allegations related to ADA violations, defamation, First Amendment violations, negligence, etc. (*See id.*)

On August 22, 2019, Plaintiff filed the two motions now before the court. The motions are the same and ask the court to (1) screen Plaintiff's amended complaint and (2) serve defendants. (*See* ECF Nos. 20, 21.)

**II. Analysis**

Plaintiff failed to comply with the court's deadline (twice) to file an amended complaint. Plaintiff also disregarded the court's order that he could only amend his conspiracy claim. Accordingly, as Plaintiff was not given leave to file the amended complaint on file, the court will not screen it and will deny ECF No. 20. *See* Fed. R. Civ. P. 15(a)(2).

The court will also not serve the amended complaint, as it is not the operative complaint in this case. Accordingly, the court will deny ECF No. 21.

The court will give Plaintiff one final chance to amend his complaint in compliance with this court's orders. Plaintiff should be aware that generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "**a party may amend its pleading only with the opposing party's written consent or the court's leave**." Fed. R. Civ. P. 15(a)(2) (emphasis added). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend— bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

Here, these factors cut in favor of allowing Plaintiff one final chance to amend his complaint. There is no evidence that Plaintiff acted in bad faith in seeking to amend his complaint, that the opposing party would be prejudiced (given that it has not been served yet), or that amendment would be futile. However, Plaintiff previously sought to amend his complaint unsuccessfully and has caused undue delay by repeatedly failing to meet court ordered deadlines. In light of these factors and the Ninth Circuit's instruction that leave to amend should be freely given when justice so requires, the court will give Plaintiff until March 23, 2020 to amend his complaint on his conspiracy claim only.

As the court explains below, Plaintiff has two options if he wishes to proceed with this case: (1) he can filed an amended complaint (amending his conspiracy claim only) by March 23, 2020; or (2) he can proceed on the failure-to-protect claim against Defendant Carey only by serving Defendant Carey by March 23, 2020.

If Plaintiff files an amended complaint by March 23, 2020 (amending his conspiracy claim only), the court will screen it in the ordinary course. Following screening, the court will set a date by which all remaining defendants must be served.

If Plaintiff does not file an amended complaint by March 23, 2020, Defendant Carey must be served by this date. To allow Plaintiff to meet this deadline, the court will order the clerk of court to send Plaintiff a blank summons and a blank USM-285 form, along with a copy of this order. The court will further order that Plaintiff complete these documents and return them to the court by March 9, 2020 to allow the Marshals time to serve Defendant Carey. Plaintiff is advised that he must complete both the summons and the USM-285 form in full. He is further advised to provide as much information as possible regarding Defendant Carey's full name and address.[1] If Plaintiff does not fill out the USM-285 form, service of the summons and complaint may not be possible.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review of Amended Complaint (ECF No. 20) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Defendants (ECF No. 21) is DENIED.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to file an amended complaint, he must file it by **March 23, 2020.**

---

[1] As the court previously advised Plaintiff (*see* ECF No. 11 at 2), for purposes of service to CCDC corrections officers, the address of the Las Vegas Metropolitan Police Department is:

Las Vegas Metropolitan Police Department
400 S. Martin L. King Boulevard
Las Vegas, NV 89106

**IT IS FURTHER ORDERED** that if Plaintiff files an amended complaint, he may only amend his conspiracy claim.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a blank summons and a blank USM-285 form, along with a copy of this order.

**IT IS FURTHER ORDERED** that if Plaintiff does not seek to amend his complaint, Plaintiff must fill out the summons and USM-285 form and file them with the Court **March 9, 2020**.

**IT IS FURTHER ORDERED** that upon receipt of the proposed summons and completed USM-285 form from Plaintiff, the Clerk of Court must issue the summons and deliver the summons, the USM-285 form, a copy of the complaint, and a copy of this order to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint, service must be completed on Defendant Carey by **March 23, 2020.**

**IT IS FURTHER ORDERED** that failure to comply with any of the court's orders will result in a recommendation to the district judge that this case be dismissed.

DATED: February 19, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE