UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toney Anthoney White,<br><br>    Plaintiff<br><br>v.<br><br>Carey,<br><br>    Defendant | Case No.: 2:18-cv-00008-JAD-BNW<br><br>**Order Vacating Notice of Intent to Dismiss under Rule 4(m) and Granting Limited Leave to Amend**<br><br>[ECF Nos. 25, 28, 31, 35, 37] |

      Plaintiff Toney Anthoney White filed this civil-rights action under 42 U.S.C. § 1983 to redress the alleged failure to protect him from a dangerous co-defendant during pretrial proceedings in his state-court criminal prosecution. After screening, White was left with a Fourteenth Amendment failure-to-protect claim against a corrections officer identified only as "Carey" and the opportunity to amend his complaint only to attempt to state a conspiracy-to-fail-to-protect claim against Carey and the other three defendants. But when White eventually filed an amended complaint that added facts, events, defendants, and claims far beyond his original complaint and the scope of the court's leave, the magistrate judge disregarded that pleading and gave White one more opportunity to amend in compliance with the original limitation.

      White objects to the magistrate judge's order limiting the scope of his amendment. Because I find that the magistrate judge properly limited White's claims to those arising from the alleged failure to protect him from his co-defendant, I overrule his objection. But I give White a broader opportunity to amend his complaint to allege all claims against all defendants that arise out of that discrete set of facts.

**I.      Objection to Magistrate Judge's February 20, 2020, order [ECF No. 25]**

Because White is proceeding in this case *in forma pauperis*, I screened his complaint under 28 U.S.C. § 1915A.  Screening left White with a Fourteenth Amendment failure-to-protect claim against Clark County Detention Center (CCDC) corrections officer Carey and leave to amend to attempt to state a conspiracy-to-fail-to-protect claim against him and against the judge overseeing his case Michelle Leavitt, the district attorney prosecuting it Mark Schwartzer, and his defense attorney Harvey Gruber.[1]  When White missed the deadline that the court set for him to file that amended complaint, the court ordered the case to proceed on the single claim against Carey.[2]  Months later, White explained that he had not been getting his mail at the detention facility, and the court gave him another chance to file that amended complaint.[3]  When White missed that extended deadline, too, the court directed him to take the necessary steps to serve the original complaint on lone defendant Carey.[4]  White did not fill out the forms necessary to ensure proper service on Carey.  Nevertheless, the Marshal attempted service on Carey but that service unsurprisingly failed for lack of sufficient identifying information.[5]

White filed an amended complaint[6] months after the extended deadline to do so passed, and he asked the court to screen it.[7]  Magistrate Judge Weksler did so.[8]  She found that "Plaintiff . . . disregarded the court's order that he could only amend his conspiracy claim" by asserting

---

[1] ECF No. 3.
[2] ECF No. 5.
[3] *See* ECF Nos. 7, 8, 9.
[4] ECF No. 11.
[5] ECF Nos. 12, 16; *see also* ECF No. 24 at 3 (recounting history).
[6] ECF No. 18.
[7] ECF No. 20.
[8] ECF No. 24.

"several causes of action not related to the conspiracy theory[,] . . . including allegations related to ADA violations, defamation, First Amendment violations, [and] negligence. . . ."[9] The magistrate judge then gave White one more opportunity to amend his complaint as originally directed—to amend only the conspiracy-failure-to-protect claim,[10] warning "[i]f Plaintiff does not file an amended complaint by March 23, 2020, Defendant Carey must be served by this date."[11]

White did not file that amended complaint. Instead, he objects to the magistrate judge's order, arguing that he had a right to file the grossly expanded amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure because that rule gives him one opportunity to amend as of right.[12] He also cites to Rule 18, subsection (a) of which allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party."[13]

**A.   The Rules limit White to the claims arising from a discrete set of facts.**

While Rule 15(a) does give litigants an early opportunity to amend, the scope of amendment is not limitless, nor is Rule 18. Rule 18(a) allows a plaintiff to add multiple claims to a lawsuit when those claims are against the same defendant. So, while Rule 18(a) may permit White to expand his claims against the original defendants, it does not authorize his addition of claims against dozens of new defendants. Nor do the Federal Rules authorize claims unrelated to the original ones. Federal Rule of Civil Procedure 20(a) limits a lawsuit to claims arising out of

---

[9] *Id*. at 3–4.
[10] *Id*. at 4.
[11] *Id*. at 5.
[12] ECF No. 25 at 5.
[13] Fed. R. Civ. P. 18(a).

3

the "same transaction, occurrence, or series of transactions or occurrences."[14]  "[U]nrelated claims that involve different defendants must be brought in separate lawsuits."[15]  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and to prevent prisoners from circumventing the three-strikes rule under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  So, when an inmate plaintiff has many different claims against many different defendants, he must file a new application to proceed *in forma pauperis* and a new complaint for each discrete set of facts and events.

**B.    White's amended complaint goes far beyond the discrete events on which this lawsuit was filed: the failure to protect him from a dangerous co-defendant.**

White's original complaint concerned a discrete set of events.  All of his claims arose out of the alleged failure to protect him from co-defendant Dean, whom the defendants knew was threatening White and his family.[16]  But White's amended complaint adds four new and unrelated factual situations: White's inadequate medical care and treatment[17]; staff retaliation against and slander of White for providing legal assistance to transgender inmates[18]; the taking of and tampering with White's legal-mail supplies[19]; and the imposition of severe punishments on White without due process.[20]  White also adds a laundry list of policies, procedures, and

---

[14] Fed. R. Civ. P. 20(a)(2)(A).

[15] *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

[16] *See generally* ECF No. 1-1.

[17] ECF No. 18 at 4–12.

[18] *Id*. at 12–14.

[19] *Id*. at 14–18.

[20] *Id*. at 18–19.

4

customs against all defendants collectively that he claims are "constitutionally offensive," and most of which have no connection to the facts alleged in his original complaint.[21] Because the new claims in White's amended complaint do not arise out of the same transaction, occurrence, or series of transactions or occurrences, the magistrate judge properly rejected that pleading and gave White another opportunity to file an amended complaint that complies with the directives and limitations in the court's screening order.[22] If White desires to proceed with the claims arising from those new events, actions, and inaction, he must do so in a new, separate case (or depending on which defendants are impacted by those claims, several new, separate lawsuits) in which he must file a new application to proceed *in forma pauperis*.

However, I do recognize that White also seeks to expand the scope of his allegations and claims related to the original-complaint facts—those arising from the threat that he claims Dean posed to him. FRCP 15 and 18 thus may have permitted White the opportunity to try to plead all claims against all defendants arising out of the threat Dean posed to him while the two were in custody. Accordingly, while the court continues to disregard the amended complaint filed on June 25, 2020, the court will grant White leave to file a Second Amended Complaint that incorporates all claims against any defendant arising from the threat that Dean posed to him. White is cautioned that an amended complaint supersedes the original complaint, so the amended complaint must be complete in itself.[23] He must separate out all claims by theory, and in each

---

[21] *Id.* at 25–28.

[22] ECF No. 3.

[23] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

count he must allege true facts sufficient to show what each individual defendant did to violate his civil rights. White must file that amended complaint by September 10, 2020. If White does not file an amended complaint by this deadline, this case will proceed on his single failure-to-protect claim against Defendant Carey only. If White does file his amended complaint, it will be screened in the normal course. White is cautioned that, due to this court's substantial case load, **screening will take many months**.

**II.    White's Motions Regarding the FRCP 4(m) Dismissal Notice [ECF Nos. 35, 37]**

Because the court is granting White leave to amend, the court hereby vacates the Rule 4(m) notice of intent to dismiss [ECF No. 33]. As a result, White's motions to stay the Rule 4(m) dismissal[24] are moot and I deny them for that reason.

**III.   White's Local Rule IA 7-1(a) "Motions" [ECF Nos. 28, 31]**

White has filed motions under Local Rule 7-1(a) for this court and the Chief Judge to take action on his objections.[25] That rule permits a pro se party to "send a letter" to the judge presiding over his case when a matter has been fully briefed for 90 days without action; if no action has been taken at the 120-day mark, the pro se party may "send a letter to the Chief Judge, who must inquire of the [presiding] judge about the status of the matter."[26] This rule permits letters only; it does not authorize motions for this purpose. Accordingly, White is cautioned that, in the future, any LR IA 7-1(a) notice to the court about the pendency of a matter must be made by letter mailed to the judge or the Chief Judge; no motion should be filed.

---

[24] ECF Nos. 35, 37.

[25] ECF Nos. 28, 31.

[26] L.R. IA 7-1(a).

**IV.     Requests for Judicial Notice [ECF Nos. 34, 36]**

Finally, I note that White has also filed two requests for "judicial notice" in which he asks the court to take "judicial notice" of events that have occurred in this litigation, such as "the pendency of ECF No. 25."[27] This term does not mean what White thinks it means. "Judicial notice" is a legal term of art, and it does not mean that a litigant just wants to tell or remind the court something. Federal Rule of Evidence 201 permits the court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[28] For example, a party could ask the court to take judicial notice that Christmas Day in 2019 fell on a Wednesday.

It appears that White is using this term when he wants to *notify* the court that it hasn't yet acted on one of his motions. This is not a proper use of a motion for judicial notice, and White is cautioned not to utilize a motion for judicial notice to tell the court things he wants it to know or in an attempt to get the court to act more quickly on his matters. Filing a motion to ask the court to issue a decision on a pending motion only serves to further delay a case. The court is aware of every motion that White files. Unfortunately, the judge handling this case has hundreds of motions in hundreds of other cases, so it will often take many months before White's motions make it to the front of the line.

## Conclusion

IT IS THEREFORE ORDERED that White's Objections to the Magistrate Judge's February 20, 2020, Order **[ECF No. 25] are OVERRULED** as stated herein; however, **White**

---

[27] ECF No. 34 at 2.

[28] Fed. R. Evid. 201(b)(1), (2); *accord U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994).

**has until September 10, 2020, to file a Second Amended Complaint that incorporates all claims against any defendant arising from the threat that White alleges Dean posed to him.** If White does not file an amended complaint by this deadline, this case will proceed on his single claim against Defendant Carey only.

IT IS FURTHER ORDERED that White's **Motions for Court Action [ECF Nos. 28, 31] are DENIED**;

IT IS FURTHER ORDERED that **the Notice of Intent to Dismiss under FRCP 4(m) [ECF No. 33] is VACATED**, and White's **Motions to Stay Rule 4(m) Dismissal [ECF Nos. 35, 37] are DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 10, 2020