UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toney Anthoney White,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Carey,<br><br>　　　　　Defendant | Case No.: 2:18-cv-00008-JAD-BNW<br><br>**Order Denying Motion for Reconsideration**<br><br>[ECF No. 42] |

Plaintiff Toney Anthoney White filed this civil-rights action under 42 U.S.C. § 1983 to redress events that occurred during his pretrial detention at the Clark County Detention Center.[1] This court's 2018 screening order narrowed the scope of claims that White may raise in this action, and White has been challenging that limitation with motion after motion ever since. Because White's latest motion for reconsideration does not persuade me to expand the scope of his permitted amendment, I deny the motion and refer his second amended complaint to the magistrate judge for screening.

**Background**

Because White proceeds *in forma pauperis*, this court screened his complaint and permitted him to proceed on a claim against Officer Carey for failing to protect him from his co-defendant, Mariand Dean.[2] The court also gave him leave to amend for the limited purpose of attempting to state a colorable, failure-to-protect conspiracy claim against additional defendants,

---

[1] *See* ECF No. 3 (screening order).
[2] *Id*. at 6.

but White did not submit an amendment by the court-ordered deadline, so his case moved forward only on the failure-to-protect claim against Officer Carey.[3]

White then moved for another opportunity to file that amendment that he was permitted, explaining that he did not receive the screening order.[4] The court granted his request, extending his deadline to amend only his conspiracy claim as the screening order directed.[5] On June 25, 2019, White filed an amended complaint and later moved the court to screen it.[6] In the meantime, the United States Marshals attempted and failed to serve Carey because White did not complete the USM-285 form as directed, leaving the Marshals without a first name or service address for Carey.[7]

The magistrate judge considered White's amended complaint, found that it far exceeded the scope of the amendment he was permitted, and declined to screen it or order it served for that reason.[8] But she did give White "one final chance to amend his complaint in compliance with this court's orders" or to proceed only on the failure-to-protect claim by serving Defendant Carey by March 23, 2020.[9] White was also given a new USM-285 form to complete and return.[10] White objected[11] to the magistrate judge's order limiting the scope of his amendment, and this court overruled that objection but gave "White a broader opportunity to amend his complaint to

---

[3] ECF No. 5.
[4] ECF No. 9 at 2.
[5] *Id*.
[6] ECF Nos. 18 (amended complaint) and 20 (motion for screening).
[7] *See* ECF No. 24 at 3 (recounting this history).
[8] *Id*. at 4.
[9] *Id*. at 5.
[10] *Id*.
[11] ECF No. 25.

allege all claims against all defendants that arise out of that discrete set of facts" underlying his failure-to-protect-from-Dean claim.[12]  I explained that the rules of this court limit this action to a discrete set of facts—though he can file additional actions against other defendants for other theories and claims—and I summarized why his amended complaint went too far.[13]  I gave him one final opportunity "to try to plead all claims against all defendants arising out of the threat Dean posed to him while the two were in custody."[14]  White responded with an "Urgent Motion for Judicial Clarification" asking the court to clarify whether the scope of this ability to amend includes the "host of additional events" he sought to include, such as "claims based on medical indifference in delay in failing to treat a broken bone resulting from a fight connected to the threat, post-bone-break treatment by certain defendants and failure to adhere to bone specialists['] orders, retaliation for plaintiff[']s complaints regarding staff's indifference to the threats and a cover-up; prolonged retaliatory solidarity confinement and policies which pertain."[15]  The answer to that question was no.[16]  White now asks the court to reconsider and allow him to expand the scope of his complaint.[17]

## Discussion

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has

---

[12] ECF No. 38 at 1.
[13] *Id*. at 4–5.
[14] *Id*. at 5.
[15] ECF No. 39.
[16] ECF No. 41.
[17] ECF No. 42.

3

jurisdiction.[18]  A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[19]  Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[20]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[21]  And a motion for reconsideration may not be based on arguments or evidence that could have been raised previously.[22]

Though the court appreciates the comprehensive scope of White's filing and the detail with which he lays out the long history of this case, White fails to persuade me that he should be permitted to assert claims beyond those arising out of the threat that Dean posed to him while the two were in custody.  White continues to perceive the scope of relevant events far more broadly than this court does, describing the relevant facts and claims as any "derived from a pattern and practice of retaliating for plaintiff[']s engagement in protected First Amendment activities and defendants['] attempts to discourage his court access and right to petition government through affirmative conducts of harshening his living conditions in efforts to intimidate him into silence."[23]  This theory goes far beyond anything remotely raised in the original complaint, so it

---

[18] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); LR 59-1.

[19] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[20] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[21] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[22] *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

[23] ECF No. 42 at 5.

must be raised in a separate lawsuit.  Accordingly, White's request to expand the scope of this action to include these theories is denied, and White is cautioned that further requests for reconsideration of this limitation on the scope of amendment will be disregarded.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of Court's February 20, 2020, and August 10, 2020 Orders **[ECF No. 42] is DENIED.**

**Plaintiff's second amended complaint [ECF No. 43] is referred to the magistrate judge for screening** to determine if it states a claim permitted by this court's August 10, 2020, order [ECF No. 38] outlining the scope of allowable amendment.  Plaintiff is cautioned that screening may take several months.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 9, 2021