UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Toney Anthoney White, | Case No.: 2:18-cv-00008-JAD-BNW |
| Plaintiff<br>v. | |
| Michelle Leavitt, et al., | **Order Revoking Plaintiff's IFP status and Granting Defendants' Motion to Dismiss** |
| Defendants | [ECF Nos. 68, 75, 76] |

Pro se plaintiff Toney White proceeds in this lawsuit against Daniel Holm, Craig Garnette, Gary Ramirez, Alex Gonzales, and Ernest Spears, alleging that their failure to separate him from another inmate who threatened him was negligent, caused him emotional distress, and violated the Fifth, Eighth, and Fourteenth Amendments.[1] The defendants move to dismiss White's claims for negligence and intentional infliction of emotional distress because White failed to name the defendants' employer (the Las Vegas Metropolitan Police Department) as a party and failed to provide its governing body with notice of the claims within the statutory two-year window. The defendants also move to revoke White's *in forma pauperis* (IFP) status and dismiss this case because White failed to inform the court that he has three strikes against him under the Prison Litigation Reform Act's IFP statute.

Because the facts indicate that White knew that his prior litigation history rendered him ineligible for IFP status in this case and because he hasn't shown that the imminent-danger exception to the three-strikes rule applies here, I revoke his IFP status. But White has paid his filing fee in full, and I do not find that an equitable solution here is to dismiss his case. So I

---

[1] White initially pled other claims against additional defendants, but the court narrowed the scope of his case in a series of screening orders. *See* ECF No. 3; ECF No. 57; ECF No. 59.

instead order that, in future complaints, White must include information about his litigation history and the fact that he has been found ineligible to proceed IFP under the three-strikes rule. And I grant the defendants' motion to dismiss White's state-law claims because he did not comply with statutory party and notice requirements. This case now proceeds on White's constitutional claim only.

## Discussion

**A.     White's state-law tort claims must be dismissed under NRS 41.0337(2).**

Nevada Revised Statute (NRS) 41.0337(2) prohibits tort actions relating to the public duties of officers or employees of the state of Nevada or any of its political subdivisions "unless the State or appropriate political subdivision is named a party defendant."[2] And under NRS 41.036, plaintiffs must file tort claims against political subdivisions "with the governing body of that political subdivision . . . within 2 years after the time the cause of action accrues."[3] The Las Vegas Metropolitan Police Department (Metro) employs the defendants named in this suit.[4] The defendants argue that, because White didn't name Metro as a party in this lawsuit, he violated NRS 41.0337. They also contend that granting White leave to add Metro as a party now would be futile because the two-year timeframe imposed by NRS 41.036 has passed.

White contends that he attempted to name Metro as a party in the amended complaint that he filed without the court's leave on June 25, 2019.[5] But that complaint was rejected because White failed to adhere to the court's earlier order permitting only limited amendment to his

---

[2] Nev. Rev. Stat. § 41.0337(2).
[3] Nev. Rev. Stat. § 41.036(2).
[4] *See* ECF No. 68 at 7.
[5] ECF No. 71 at 2 (citing ECF No. 18).

2

original complaint.[6]  In his second-amended complaint—the one that was served on the parties—White names individual defendants only, not Metro.[7]  Because White failed to name Metro in his operative complaint, I dismiss his tort claims under NRS 41.0337.

White's omission cannot be cured by further amendment.  NRS 41.036 required White to file his claims with the "governing body" of the municipal agency being sued within two years of the claims' accrual.  White concedes that he did not directly file his claims with Metro's governing body but argues that, because the defendant employees "were directly notified" of his claims, their knowledge "is as a matter of law imputed and attributable to [Metro]."[8]  He also contends that the grievances he filed with the Clark County Detention Center referencing this lawsuit should suffice as notice to Metro.[9]  But NRS 41.036 is specific.  It requires that a claim be filed directly with the governing body of a political subdivision—it does not allow for constructive or imputed knowledge of the suit.[10]  And because White's claims accrued in 2018, he is three years too late to provide that notice now.  So White's state-law claims for negligence and intentional infliction of emotional distress are dismissed with prejudice for failure to comply with NRS 41.036.

**B.  White's IFP status is revoked because the information he kept from the court disqualified him from IFP status.**

Under the Prison Litigation Reform Act (PLRA), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

---

[6] *See* ECF No. 24 at 4.

[7] *See* ECF No. 43 at 2.

[8] ECF No. 71 at 2.

[9] *Id*. at 2–3.

[10] *See* Nev. Rev. Stat. § 41.036.

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed IFP unless he shows that he is "under imminent danger of serious physical injury."[11] The defendants argue that White, also known as Jason Saunders, "has been ineligible for an IFP designation from the outset" because "courts [have] dismissed three of his other federal lawsuits for failure to state a claim or frivolousness."[12] They point to a 2013 order from the Eastern District of California in which the court found that White "has at least three prior actions constituting strikes [under] the PLRA, and thus is ineligible to proceed IFP."[13] The defendants urge the court to revoke White's IFP status under Local Rule LSR 1-5, which allows the court to "revoke leave to proceed [IFP] if the party to whom leave was granted . . . has willfully misstated information in the [IFP application], or has otherwise abused the privilege of proceeding" IFP.[14]

### 1. White has abused the privilege of proceeding IFP.

The defendants claim that White has conveniently avoided providing information about his prior litigation history with every complaint he has filed in this action by choosing not to use the court's form for prisoner civil-rights complaints, which asks specific questions about the plaintiff's prior litigation history and whether a court has "designated [him] as subject to 'three strikes' under 28 U.S.C. § 1915(g)."[15] White was sent this form and directed by the court to use

---

[11] 28 U.S.C. § 1915(g).

[12] ECF No. 75 at 3.

[13] *Saunders v. Saunders*, 2013 WL 4040766, at *6 (E.D. Cal. Aug. 7, 2013). Defendants also note that White has been declared a vexatious litigant in a California state court. *See* ECF No. 75-4. Because the PLRA only concerns actions filed in federal court, I do not consider this evidence.

[14] LSR 1-5.

[15] *See* Instructions for Filing a Civil Rights Complaint by an Incarcerated Individual, www.nvd.uscourts.gov/wp-content/uploads/2023/01/Final-1983-Complaint-and-Instructions.pdf.

4

it for his amended complaint.[16] He didn't, and the defendants contend that he chose to handwrite his complaint instead of using the form to avoid answering these questions.

White responds that he is under no obligation to inform the court of his prior litigation history, the defendants failed to present evidence that any omission was intentional, and this district's local rules do not require incarcerated plaintiffs to use the court form.[17] He does not deny that he has three strikes under the PLRA, but he argues that he alleged in his initial complaint that he is under "imminent danger of serious physical injury" and thus that the PLRA's exception to the three-strikes rule applies.[18]

White's contention that he needn't inform the court of his prior litigation history is incorrect. The version of Local Rule LSR 2-1 that was operative in 2018 (when White filed his original complaint) said that a pro se civil-rights complaint "must be submitted on the form provided by this court."[19] The rule was amended in 2020 to allow plaintiffs to instead file a complaint that "must be legible and contain substantially all the information called for by the court's form."[20] Under either version of the rule, White was required to include information about his litigation history and three-strikes status in his complaint. "[A] district court relies on a party's description of his litigation history to manage its docket," and "disclosure of a prisoner's litigation history enables a court to adhere to the three-strike requirement of [the PLRA]."[21]

---

[16] ECF No. 3 at 8–9.

[17] *See generally* ECF No. 71.

[18] *Id.* at 6.

[19] *See* Report of the Local Civil Rules Committee for the United States District Court for the District of Nevada, www.nvd.uscourts.gov/wp-content/uploads/2020/04/Report-of-the-Local-Civil-Rules-Committee-2020.pdf.

[20] LSR 2-1.

[21] *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011).

White is no stranger to civil-rights litigation in federal court. He has filed at least 8 civil-rights complaints in this court and at least 23 in California federal courts.[22] In at least one of those cases he explicitly invoked the imminent-danger exception in 28 U.S.C. § 1915(g), indicating that he knew he was subject to the three-strikes rule.[23] So the judicially noticeable evidence shows that White was fully aware that he had three strikes and that he was required to inform the court of those strikes regardless of whether he used the court's civil-rights complaint form. By failing to do so, White has willfully abused the privilege of proceeding IFP.[24]

**2.  White does not qualify to proceed IFP under the imminent-danger exception.**

White hasn't shown that he may proceed IFP under the PLRA's imminent-danger exception either. The PLRA's imminent-danger exception "applies if the danger existed at the time the prisoner filed the complaint,"[25] and allegations of imminent danger must be "both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court."[26] A prisoner can meet this requirement "by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past."[27]

White's complaint, liberally construed, lacks allegations that he was in imminent danger. He alleged that various prison officials failed to separate him from another inmate who

---

[22] *See, e.g.*, *White v. County of Clark Nev.*, Case No. 2:16-cv-00734-BRF-VCF; *White v. Johnson*, Case No. 21-cv-01114-APG-VCF; *White v. Bean*, 2:21-cv-01259-RFB-VCF; *see also* ECF No. 75-1 at 5–7 (compiling White's litigation history in the California federal courts).

[23] *See, e.g.,* ECF No. 1-1 at 1 in *White v. County of Clark Nevada*, Case No. 2:16-cv-00734-RFB-VCF.

[24] At least one circuit court has held that pro se plaintiffs are not entitled to omit their litigation histories when seeking to proceed IFP. *See Hoskins*, 633 F.3d at 543–44. I find the Seventh Circuit's reasoning persuasive here.

[25] *Andrew v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

[26] *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

[27] *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

threatened to harm him if he didn't plead guilty to a criminal matter involving that inmate.[28] White further alleged that he complied with the inmate's threat and pled guilty.[29]  He alleged no other facts that would suggest that he was in danger of imminent harm at the time when he filed his complaint.  And White did not seek injunctive relief in his complaint or file any motions for temporary injunctive relief, indicating that the constitutional violations he complained of were not ongoing or imminent.  So White did not meet the imminent-threat exception for this case.

### 3. Because White has now paid the full filing fee, dismissal of his remaining claim is too severe a penalty.

Because White is subject to the three-strikes provision of the PLRA and has not shown that the imminent-danger exception applies, I revoke his IFP status.  But I decline to dismiss this case as a sanction for White's conduct.  The court has confirmed that White has fully paid the filing fee for this action through the withdrawals taken from his prisoner account.  And with only one potentially meritorious surviving claim, it would not be in the interests of justice to dismiss this case as a sanction for White's omissions.  But White is cautioned that any future case he initiates must comply with LSR 2-1: He must include all information requested on the court's civil-rights complaint form in his complaints and must disclose that he is subject to the PLRA's three-strikes rule.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 68] is GRANTED**.  **White's claims for negligence and intentional infliction of emotional distress**

---

[28] ECF No. 43 at ¶¶ 12–16.

[29] *Id*. at ¶ 17.

**are DISMISSED with prejudice**. This case proceeds only on White's Fourteenth Amendment failure-to-protect claim.

IT IS FURTHER ORDERED that the defendants' motion to revoke White's *in forma pauperis* status **[ECF No. 75] is GRANTED in part**. **The Clerk of Court is directed to REVOKE White's *in forma pauperis* status**. White is ordered to include his litigation history and three-strikes status in all future complaints filed with this court if he applies to proceed *in forma pauperis*.

IT IS FURTHER ORDERED that the defendants' motion for sanctions **[ECF No. 76] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 1, 2023