**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TONEY ANTHONEY WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHELLE LEAVITT, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:18-cv-00008-JAD-BNW<br><br>**ORDER** |

　　　　Before the Court is Plaintiff's Motion to Advance Litigation. ECF No. 117. Defendants opposed at ECF No. 127, and Plaintiff replied at ECF No. 130.

　　　　The parties are familiar with the arguments. As a result, the Court does not repeat them here.

　　　　The crux of Plaintiff's request is that (1) the HDSP librarian be compelled to re-scan ECF No. 115 and (2) that Defendants send certain documents to him.

　　　　First, Defendants are correct in noting, as this Court has in the past, that it lacks jurisdiction over the NDOC in this action. *See* ECF No. 109. As a result, that request is denied. Nevertheless, it assures Plaintiff that this Court has 105 pages on the docket associated with his motion for the appointment of counsel at ECF No. 115.

　　　　Next, this Court turns to the issue of the documents sought by Plaintiff. Plaintiff appears to be seeking the "materials articulated in the June 21, 2023 correspondence." That correspondence, attached as Exhibit 1 to ECF No. 117, seeks (1) "all previous disclosures including his Naphcare medical files…in print that are not micro," (2) all discovery (propounded and received), (3) correspondence) between the parties, and (4) response to a subpoena issued by Defendants.

　　　　This Court acknowledges that Defendants have gone above and beyond in assisting Plaintiff in this case. Nevertheless, this Court has an interest in ensuring that this case (which has been pending since 2018) be decided quickly and, to the extent possible, on the merits. As the

parties know, this Court has previously extended deadlines on the basis that Plaintiff did not have certain documents available to him to properly prosecute his case. ECF No. 112. Here, this Court balances the costs that this order will impose on Defendants against its inherent powers to manage its docket so as to achieve the orderly and expeditious disposition of cases. *See Dietz v. Bouldin*, 579 U.S. 40 (2016). This Court is concerned it will find itself ruling on a new motion for extension of deadlines or other requests that will further delay this case unless Plaintiff receives the information listed below. In that vein, this Court orders the following to be done within 10 days of this Order:

1. Defendants need not produce prior correspondence between the parties unless Plaintiff agrees to pay for the costs associated with that request.
2. Defendants need not produce the response to its subpoena (given there is no response as a result of Defendants' choice not to pursue the subpoena any further).
3. To the extent that any of the information Plaintiff seeks has been produced to him in a 4:1 ratio of print, there is no need to produce that information again. To the extent prior disclosures and responses to Plaintiff's discovery requests have not been provided in a 4:1 ratio, the Court orders Defendants to produce it to Plaintiff **one last time**.
4. Plaintiff must go through all proper procedures required by the facility to view the CD containing all his medical records.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Advance Litigation (at ECF No. 117) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that the hearing set for August 14, 2023 is VACATED.

DATED: August 11, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE