UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TONEY ANTHONEY WHITE, | Case No. 2:18-cv-00008-JAD-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| MICHELLE LEAVITT, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Toney White's Motion to Compel. ECF Nos. 141 and 144. Defendants responded at ECF No. 149. No reply has been filed.

The case at this stage comprises of only one claim: that Defendants violated his Fourteenth Amendment rights by failing to protect him from an inmate. ECF No. 86.

The parties are familiar with the arguments surrounding the instant motion. As a result, the Court will include them here only as relevant to this Order.

**I.    ANALYSIS**

"[B]road discretion is vested in the trial Court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(B)(1). Relevance is to be construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. FED. R. CIV. P. 37(A).

Plaintiff seeks to compel Requests for Production 2-5, 10-12, 17-19, and 30-36. ECF No. 141 at 4.

**Requests for Production Nos. 10-12**

- Request No. 10: Kindly furnish LVMPD'S inmate locator identifier card (dsd 6b 4-13) of inmate Marland Dean 7024742 utilized while housed at CCDC.

  Objections[1]: (1) vague and ambiguous, (2) "confidentiality of inmates" and "requirement to redact records"—if records exist, no documents can be produced at this time.

- Request No. 11: Kindly furnish LVMPD's inmate locator identifier card (dsd 6b rev. 4-13) of inmate Kevin Wong 5410495 utilized while housed at CCDC.

  Objections: (1) vague and ambiguous, (2) relevance, (3) confidentiality of inmates" and "requirement to redact records"—if records exist, no documents can be produced at this time.

- Request No. 12: Kindly furnish LVMPD's inmate locator identifier card (dsd 6b rev. 4-13) of inmate Amanda Sexton 8270791 utilized while housed at CCDC.

Plaintiff argues that these requests "are relevant to demonstrate whether 'DNHW's' were noted on said cards." Defendants state that they no longer possess these cards as these cards were purged once these inmates were released from prison.[2] In addition, Defendants explain that they already produced the "Offender Non-Associations list" linked to him containing the name of each person who would be housed in the same cell as Plaintiff and includes Kevin Wong, Amanda Sexton, and Marland Dean.

The Court cannot order Defendants to produce what no longer exists. *Acosta v. JY Harvesting, Inc.*, No. 17-CV-1225-CAB-WVG, 2017 WL 3437654 *3 (S.D. Cal. Aug. 10, 2017). Given this, the Court denies the objections Defendants stand on as moot. Defendants need not

---

[1] Rather than include the entire objections to RFP Nos. 10-12, the Court took the liberty to summarize them as stated above.
[2] The Court notes that this was not stated in Defendants' responses to Plaintiff's requests. In the future, the Court kindly requests that this search be done at the time of the requests and that, should the request no longer be available, that it be noted in the responses.

respond to RFP Nos. 10-12.

**Requests for Production Nos. 30-32 and 34-36**

- Request No. 30: Kindly furnish any and all video footage of CCDC housing unit 9b on January 24th, 2018 from 1700-2359 hours.

    Objections[3]: (1)"overbroad," (2) "vague and ambiguous," (3) "Defendants do not possess video responsive to this request."

- Request No. 31: Kindly furnish any and all video footage of CCDC housing unit 9b on January 25, 2018 from 0320-0400 hours.

    Objections: "Defendants do not possess video responsive to this request."

- Request No. 32: Kindly furnish any and all video footage of CCDC north tower 9th floor hallway and elevators on January 25, 2018 from 0600-1600 hours.

    Objections: (1) "overbroad," (2) "vague and ambiguous," (3) "relevance," (4) "security risk," (5) "Defendants do not possess video responsive to this request."

- Request No. 34: Kindly furnish the video of January 14, 2018 depicting the assault identified in request No. 33 above.

    Objections: (1) "vague and ambiguous," (2) "relevance," (3) "confidentiality of inmates and requirement to redact records," (4) "Defendants do not possess video responsive to this request."

- Request No. 35: Kindly furnish any and all video footage of CCDC housing unit 9b of January 24th through 26th, 2018 which depicts various black inmates confronting plaintiffs assigned cell mate Nuoye Jordan No. 5588179 in threatening manners.

    Objections: (1) "vague and ambiguous," (2) "overbroad," (3) "relevance," (4) "confidentiality of inmates and requirement to redact records," (5) "Defendants do not possess video responsive to this request."

- Request No. 36: Kindly furnish any and all video and audio recordings recorded in

---

[3] Rather than include the entire objections to RFP Nos. 17-19, the Court took the liberty to summarize them as stated above.

North Tower classification room No. 2 on January 25, 2018 as a result of defendant Gonzalezs Miranda readings to plaintiff and containing the entire interview.

Objections: (1) "vague and ambiguous," (2) "Defendants do not possess video responsive to this request."

Plaintiff's argument is based on (1) disbelief at the proposition that these videos are no longer available and (2) Defendants' duty to preserve evidence. Defendants argue that their policies require them to maintain video for 60 days and audio (related to booking) for two years. They explain that they did not learn of this lawsuit until July 28, 2022—over four years after Plaintiff filed a grievance requesting the preservation of video.

As stated before, the Court cannot order Defendants to produce what no longer exists. *Acosta*, 2017 WL 3437654 at *3. The parties' arguments are more appropriate for a spoliation determination, which is not at issue here. Given this, the Court denies the objections Defendants stand on as moot. Defendants need not respond to RFP Nos. 30-32 and 34-36.

**Request Nos. 2, 3, and 5**

- Request No. 2: Kindly furnish the housing record of inmate Marland Dean No. 7024742 from February 03, 2016 through March 29, 2019.

  Objections[4]: (1) "vague and ambiguous," (2) "confidentiality of inmates' criminal records and requirements to redact."

- Request No. 3: Kindly furnish the housing record of inmate Jimmy Kim No. 2061125 from October 01, 2017 through January 25, 2018.

  Objections: (1) "vague and ambiguous," (2) "relevance," (3) "confidentiality of inmates' criminal records and requirements to redact."

- Request No. 5: Kindly furnish the housing record of inmate Nuyone Jordan No. 5588179 from January 10, 2018 through March 29, 2019.

  Objections: (1) "vague and ambiguous," (2) "confidentiality of inmates' criminal

---

[4] Rather than include the entire objections to RFP Nos. 2, 3, and 5, the Court took the liberty to summarize them as stated above.

records and requirements to redact."

As to RFP Nos. 2 and 5, Defendants do not appear to stand on any objections. Thus, Defendants must turn over responses to RFP Nos. 2 and 5 subject to whatever confidentiality measures were taken regarding RFP No. 4 (which Defendants agreed to produce).

As to RFP No. 3, when the relevancy of a discovery request is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request. *Shuckett v. Dialamerica Mktg., Inc.*, No. 17CV2073-LAB(KSC), 2018 WL 4350123 (S.D. Cal. Sept. 10, 2018). Plaintiff's claim requires that he prove the following elements: (1) the defendant made an intentional decision about the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

Plaintiff's brief does not provide an explanation as to how the housing record of another inmate is relevant to his request. Thus, Plaintiff has not met his burden. The Court sustains Defendant's relevance objection. Defendants do not need to produce responsive documents to this request.

### Requests Nos. 17-18

- Request No. 17: Kindly furnish unredacted the incident report entered January 14th-15th, 2018 involving inmate Stephen Gayles 7755094's assault of another inmate housed and protective custody.

    Objections[5]: (1) "vague and ambiguous," (2) "relevance," (3) "confidentiality of inmates' criminal records and requirements to redact."

---

[5] Rather than include the entire objections to RFP Nos. 17-19, the Court took the liberty to summarize them as stated above.

- Request No. 18: Kindly furnish unredacted all written and documented complaints made by Stephen Gayles 755094's victim of in custody January 2018 assault which served the basis of Gayles disciplinary housing.

    Objections: (1) "vague and ambiguous," (2) "relevance," (3) "confidentiality of inmates' criminal records and requirements to redact."

For RFP Nos. 17 and 18, the requests are not relevant on their face. *Shuckett*, 2018 WL 4350123. Plaintiff's brief does not provide an explanation as to how the housing record of another inmate is relevant to his request. Of note, these requests do not involve the Plaintiff or the Defendants. In addition, the incident took place January 14, 2018, which is after the relevant period (late 2017 to January 2018). Thus, Plaintiff has not met his burden. The Court sustains Defendant's relevance objection (and need not rule on any of the remaining objections on which Defendants stand). Nevertheless, it will order defendants to produce what they have agreed to produce: the incident report summarizing the "kite" filed in relation to the January 14, 2018 incident. *See* ECF No. 149 at 11.

As to RFP Nos. 4, 19, and 33, Defendants have agreed to provide responsive documents to these requests. As a result, these requests are moot.

## II. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion at ECF No. 141/144 is GRANTED in part and DENIED in part consistent with this Order.

**IT IS FURTHER ORDERED** that Defendants must provide (1) responsive documents to RFP Nos. 2 and 5, and (2) the incident report summarizing the "kite" filed in relation to the January 14, 2018 incident within 10 days of this Order.

DATED this 2nd day of October 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE